```
         IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                              CENTRAL DIVISION
_____
CRAIG KENT GORDON,                )   O R D E R
                                  )
         Plaintiff,               )   Case No. 2:08-CV-251 DB
                                  )
    v.                            )
                                  )
STATE OF UTAH et al.,             )   District Judge Dee Benson
                                  )
         Defendants.              )   Magistrate Judge Paul Warner
_____
```

Proceeding *in forma pauperis*, Plaintiff, Craig Kent Gordon, filed a *pro se* prisoner civil rights complaint.[1] He has since filed thirty motions to be dealt with in this Order. One of the motions requests appointed counsel, while some others request service of process and other relief.

First, the Court considers the motion for appointed counsel. Plaintiff has no constitutional right to counsel.[2] However, the Court may in its discretion appoint counsel for indigent inmates.[3] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[4]

---

[1] *See* 42 U.S.C.S. § 1983 (2008).

[2] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[3] *See* 28 U.S.C.S. § 1915(e)(1) (2008); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[4] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[5] Considering the above factors, the Court concludes here that (1) it is not clear at this point that Plaintiff has asserted a colorable claim; (2) the issues in this case are not complex; and (3) Plaintiff is not incapacitated or unable to adequately function in pursuing this matter.  Thus, the Court denies for now Plaintiff's motion for appointed counsel.

Second, the Court denies for now Plaintiff's motions for service of process.  During final screening, the Court will determine whether to dismiss Plaintiff's complaint or order it to be served upon Defendants.[6]  Plaintiff need do nothing further to trigger this process.

**IT IS HEREBY ORDERED:**

(1) Plaintiff's request for appointed counsel is **DENIED**, (see File Entry # 73); however, if it later appears that counsel

---

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

[6] *See* 28 U.S.C.S. § 1915A (2008).

may be needed or of specific help, the Court may ask an attorney to appear *pro bono* on Plaintiff's behalf.

(2) Plaintiff's motions for service of process are **DENIED**, (*see* File Entry # 23, 80, & 81); however, if it later appears that this case has merit and states a claim upon which relief may be granted, the Court may order service of process.

(3) Plaintiff's motion for discovery is **DENIED**.  (*See* File Entry # 7.)  This is premature as the complaint has yet to be served upon Defendants.

(4) Plaintiff has filed a variety of motions that are inappropriate here because, although somewhat difficult to decipher, they appear to be asking this Court to order the state trial court to do certain things in Plaintiff's pending criminal cases.  These are all **DENIED**.  (*See* File Entry #s 8, 9, 10, 15, 20, 22, 31, 33, & 67.)

(5) The Court understands Plaintiff to move to proceed without copy fees for extra copies of his filings in this Court.  This motion is **GRANTED**, in that Plaintiff need not make extra copies of his filings for this Court.  (*See* File Entry # 11.)

(6) Plaintiff has filed several motions asking for removal of his pending state criminal cases to this Court.  These are **DENIED** as inappropriate.  (*See* File Entry #s 12, 30, 59, 68, 71,

& 75.)  Once Plaintiff's criminal cases are concluded, he may choose to file for habeas relief in either state or federal court.

 (7) Plaintiff's motion for due process in state court is **DENIED**.  (*See* File Entry # 13.)  Once Plaintiff's criminal cases are concluded, he may choose to challenge due process violations in those cases by filing for habeas relief in either state or federal court.

 (8) Plaintiff's motion for clarification of civil rights complaint is **GRANTED**.  (*See* File Entry # 14.)  The Court understands this motion to be asking for a civil rights complaint information packet.  The Court directs the Clerk of Court to send Plaintiff such a packet, containing a fill-in-the-blank civil rights complaint and instructions for completing it.

 (9) Plaintiff moves to amend his complaint, with the amended complaint(s) contained in docket entry numbers 17 and 18.  This motion is **GRANTED**.  (*See* File Entry # 16.)

 (10) Plaintiff moves to investigate his financial matters pertaining to his attorney.  This request is inappropriate here and is **DENIED**.  (*See* File Entry # 19.)  If Plaintiff has a specific cause of action against his attorney, he may wish to bring it in another case, whether state or federal.

(11) Plaintiff moves for transfer to another jail and possibly alleges a failure-to-protect claim against his jailers. These are new claims that would be better brought in a new civil rights complaint. These motions are **DENIED**. (*See* File Entry #s 21 & 40.)

(12) Plaintiff moves against self-incrimination. The basis for this motion is confusing. But, the Court advises Plaintiff that, if this has to do with his pending criminal cases, the Court may not interfere with the state court proceedings. Plaintiff is advised to complete his state-court process, then examine his options for post-conviction or habeas corpus relief. However, if this has to do with conditions of confinement, Plaintiff should bring his claims in a civil rights complaint. This motion is **DENIED**. (*See* File Entry # 29.)

(13) Plaintiff appears to move to have a "notice of entry" and "brief incorporation statement" included in the Court's docket. This motion is **GRANTED**. (*See* File Entry # 57.)

(14) The Court **GRANTS** Plaintiff's motion to amend his complaint. (*See* File Entry # 97.)

(15) Plaintiff's voluminous filings are deemed vexatious and are unduly taxing the Court's resources; thus,

    (a) Plaintiff shall refrain from filing further motions requesting appointed counsel and service of process. These

matters have been adequately brought to the Court's attention and will be continually evaluated as the case proceeds.  The Clerk of Court shall reject future filings of such motions.

    (b) Plaintiff shall refrain from filing further motions regarding his pending criminal cases.  The Clerk of Court shall reject future filings of such motions.

**IT IS SO ORDERED.**

DATED this 26th day of February, 2009.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge