# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| CRAIG KENT GORDON, Plaintiff, v. STATE OF UTAH et al., Defendants. | **ORDER TO AMEND DEFICIENT COMPLAINT** Case No. 2:08-CV-251 DB District Judge Dee Benson |

Plaintiff, Craig Kent Gordon, an inmate at Purgatory Correctional Facility, filed this *pro se* civil rights suit. *See* 42 U.S.C.S. § 1983 (2009). Plaintiff was allowed to proceed *in forma pauperis*. *See* 28 *id.* 1915. Reviewing the complaint, along with the many addenda, amended complaints, and voluminous correspondence and motions filed by Plaintiff, under § 1915(e), the Court has determined that Plaintiff's complaints are deficient as described below.

### Deficiencies in Complaints

Complaints:

(a) do not match names in captions with names in complaints' text.

(b) are not in proper form (resubmit using court forms, follow instructions in Pro Se Litigant Guide).

(c) do not allege specific allegations against Defendants State of Utah, Washington County, Saint George Police Department, and Sam Despain.

(d) do not identify John Doe Saint George Police Officer.

(e) possibly allege claims based on respondeat superior.

(f) are rambling, confusing, incoherent, and not concise.

(g) ask for habeas corpus relief (vacate or dismiss conviction and/or sentencing), which is not available in this civil rights case.

(h) state ongoing constitutional violations in pending criminal case(s), for which relief is not available in this civil rights case.

(i) have claims related to current confinement; however, the complaints were not submitted through contract attorneys.

## Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a *short and plain statement* of the grounds upon which the court's jurisdiction depends, . . . (2) a *short and plain statement* of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a) (emphasis aded). The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a

pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original or amended complaints. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original). Second, the complaint must *clearly and concisely state* what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4

(10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

Moreover, to establish the liability of municipal entities, such as Washington County and City of St. George (police department), under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 1205 (1989)). Municipal entities cannot be held liable under § 1983 based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2051 (1978).

Plaintiff has not so far established a direct causal link between his alleged injuries and any custom or policy of the County or City (police department). Thus, the Court concludes that Plaintiff's Complaint, as it stands, appears to fail to state claims against Washington County and City of St. George.

Finally, regarding Defendant State of Utah, "[w]hether a defendant is immune from suit under the Eleventh Amendment is a question which goes to the court's subject matter jurisdiction." *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Thompson v. Colorado*, 278 F.3d 1020, 1023-24 (10th Cir. 2001)). Generally, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity." *Id.* (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)). Plaintiff asserts no basis for determining that the State has waived its immunity or that it has been abrogated by Congress. Because the claims against the State appear to be precluded by Eleventh Amendment immunity, the Court believes it has no subject-matter jurisdiction to consider them. *See id.* at *9. And, the State appears not to be a valid defendant.

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above, taking into consideration all the instructions provide by the Court;

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide; and,

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this 5th day of February, 2010.

BY THE COURT:

_____
DISTRICT JUDGE DEE BENSON
United States District Court